**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002509**
**11-APR-2017**
**08:44 AM**

NO. CAAP-13-0002509

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHIT WAI YU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1597)


SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ., and Nakamura, C.J., dissenting)

Defendant-Appellant Chit Wai Yu appeals from the Order of Resentencing; Revocation of Probation, entered on July 5, 2013 ("July 5, 2013 Order") by the Circuit Court of the First Circuit ("Circuit Court").[1] The July 5, 2013 Order re-sentenced Yu to probation and incarceration, and ordered restitution for his conviction on one count of Theft in the Second Degree in violation of Hawaii Revised Statutes ("HRS") section 708-831(1)(b) (2006).

On appeal, Yu alleges that the Circuit Court abused its discretion in (i) granting the Plaintiff-Appellee State of Hawaiʻi's motion for revocation of probation, and (ii) imposing "additional incarceration without first considering alternative punishment." Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Yu's points of error as follows and affirm.

---

[1] The Honorable Edward H. Kubo, Jr. presided.

(1) Yu contends that the order revoking his probation must be reversed because the Circuit Court abused its discretion "when it concluded that [his] failure to comply with a substantial condition of probation was inexcusable." Yu concedes that "[i]t is undisputed that [he] failed to comply with a substantial condition when he did not make restitution payments as required by the order of probation[,]" but asserts that his failure to comply is excusable, and that the Circuit Court "failed to properly consider the circumstances that underlie nonpayment before concluding that nonpayment was inexcusable." In support of his argument, Yu relies on HRS section 706-625(3) and *Bearden v. Georgia*, 461 U.S. 660 (1983). We conclude, however, that the Circuit Court did not err in revoking Yu's probation after determining that Yu failed to make a good-faith effort to obtain a job as a means of paying restitution.

The Circuit Court granted the State's motion for revocation of probation, stating,

> [t]his Court finds that the defendant has inexcusably failed to comply with a term and condition of -- a substantial term and condition of his probation; namely, the payment of restitution in the amount of $300.
>
> This Court finds that the defendant is able-bodied. The defendant had no problem in going to the complaining witness's store repeatedly to get money in this particular fraud case, which resulted in a theft. In fact, the defendant went to the store approximately 30 times in this case, which shows his ability to travel to and from with no substantial physical problems.
>
> The defendant himself agreed to this restitution amount. And he even worked at two jobs in 2011, which showed that he was able-bodied. But even when he was working, he failed to make payments. He was only able -- he only made -- he only made one $300 payment.
>
> This court previously took that -- his situation into account and reduced the money to $200 per month. But this Court is not satisfied that the defendant, during that period of time, from the sentencing of May 18, 2011, to the filing of the revocation of probation on October 26, 2012, that the defendant made a good-faith effort to sustainedly pay his fees in the amount of -- or the restitution in the amount of $300 per month.

The Circuit Court then sentenced Yu to the following:

> It is the judgment and sentence of this Court that you be placed on five years probation at this point in time. You will be incarcerated for 60 days mitt forthwith.
>
> There will be a proof of compliance hearing on Tuesday, November 5, 2013, at 8:30, for proof of compliance on

restitution payments and employment status.

. . . .

Same terms and conditions as far as the remaining terms and conditions of probation.

Pursuant to the July 5, 2013 Order, Yu began serving his 60-day sentence that same day.

HRS section 706-625(3) states that,

[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.

Haw. Rev. Stat. § 706-625(3) (2011). The Hawaiʻi Supreme Court has defined the term "inexcusably" in HRS section 706-625(3) as a "willful and deliberate attempt . . . to circumvent the order of the court." *State v. Villiarimo*, 132 Hawaiʻi 209, 222, 320 P.3d 874, 887 (2014) (quoting *State v. Nakamura*, 59 Haw. 378, 381, 581 Pl.2d 759, 762 (1978)).

This standard requires both an intentional act on the part of the defendant ("willful"), and a deliberate attempt by him or her to circumvent the probation order, taking into consideration the significance of the defendant's action with respect to the court's order and goals of probation ("to circumvent the order of the court").

*Id.* (footnote omitted) (quoting *Nakamura*, 59 Haw. at 381, 581 p.2d at 762).[2] Additionally,

[g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "[w]e have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

*State v. Stocker*, 90 Hawaiʻi 85, 92, 976 P.3d 399, 406 (1999) (quoting *State v. Mitsuda*, 86 Hawaiʻi 37, 44, 947 P.2d 349, 356 (1997)). Contrary to Yu's assertion that his "nonpayment was neither willful nor deliberate, and that he made numerous attempts to secure employment[,]" the Circuit Court concluded that Yu inexcusably failed to comply with a substantial condition

---

[2] According to *Black's Law Dictionary*, "willful" is defined as "[v]oluntary and intentional, but not necessarily malicious." *Black's Law Dictionary* 1737 (9th ed. 2009).

of his probation in that he failed to demonstrate that he was actively looking for employment, and was subsequently unable to pay restitution.

Although the Circuit Court continued the December 3, 2012 hearing on the State's motion for revocation for more than seven months to give Yu time to secure employment, Yu was still unemployed at the time of the continued revocation hearing on July 5, 2013. Further, testimony at the continued hearing demonstrated that Yu understood that missing a restitution payment could be considered to be a violation of his probation; that he failed to provide supporting paperwork with prospective employer signatures to Mr. Ikeda, his probation officer; that he repeatedly sought employment from the same prospective employers; that he took jobs where he was uncertain that he would be compensated; and that he declined an otherwise acceptable job offer on the Big Island because he did not want to go there.

*Bearden* applies to this case, but not for the proposition that Yu advances. In *Bearden*, the trial court revoked the defendant's probation for failure to pay his fine without first determining whether he had "made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist." *Bearden*, 461 U.S. at 662. The Court explicitly held that "[i]f the probationer willfully . . . failed to make sufficient bona fide efforts legally to acquire the resources to pay [a fine or restitution], the [trial] court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority." *Bearden*, 461 U.S. at 672. That is precisely what the Circuit Court did here when it made an inquiry as to why Yu failed to pay restitution, and concluded that it was because Yu failed to make bona fide efforts to seek employment which would have provided him with the resources to pay his restitution. Accordingly, the Circuit Court did not err in concluding that Yu inexcusably violated his probation and in revoking Yu's probation.

(2) Yu asserts that the Circuit Court abused its discretion when, upon revoking probation "due solely to [his] inability [to] pay restitution, it imposed additional

incarceration." Yu further contends that "[t]he order revoking [his] probation and resentencing him to a new five-year term of probation, including 60 days in jail, should be reversed because it violates the Fourteenth Amendment to the United States Constitution and *Bearden v. Georgia*[,]" and was made with obvious disregard for his ability to reasonably make restitution.

As discussed above, *Bearden* requires that the Circuit Court consider alternative methods of punishment if the court determines that "the probationer could not pay *despite sufficient bona fide efforts* to acquire the resources to do so[.]" *Bearden*, 461 U.S. at 672 (emphasis added). Here, the Circuit Court concluded that Yu failed to make bona fide efforts to find employment. Accordingly, *Bearden* does not apply, and the Circuit Court did not abuse its discretion when it did not consider alternative methods of punishment.

Finally, Yu argues that the Circuit Court abused its discretion by refusing to reduce the required monthly restitution payments from $300.00 to $30.00. Under the applicable version of HRS section 706-646(3), however, the Circuit Court is authorized to impose a freestanding order of restitution payment, but is required to: (1) "consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment" and (2) "specify the time and manner in which restitution is to be paid." Haw. Rev. Stat. §706-646(3) (Supp. 2012).

In this case, at Yu's restitution hearing held on June 20 & 21, 2011, Yu proposed and agreed that "he's willing to pay $24,293 at the rate of $300 a month per the plea agreement." Prior to issuing its original sentence, the Circuit Court addressed Yu regarding his understanding of the amount of restitution, and confirmed that Yu understood and agreed to the amount of restitution. At the restitution hearing, the Circuit Court determined, in satisfaction of the requirement in HRS section 706-646(3), that Yu would pay $300 per month in restitution payments. Yu did not appeal the May 18, 2011 Judgment of Conviction and Probation Sentence, or the June 21, 2011 Amended Judgment of Conviction and Probation Sentence, and

did not contend that the restitution payments of $300 per month were unreasonable until the State filed its motion for revocation of probation on October 26, 2012.

At the first revocation hearing, Yu requested that his restitution payments be reduced to $100 because he was unemployed. The Circuit Court explained that "at $300 per month, its going to take him quite some time to get there. And if we reduce it further, there's going to be even further problems. At the same time[,] I don't want to be leaving him at a level where he can't pay[.]" Therefore, the court reduced Yu's restitution payments from $300 to $200 per month. Following that, however, Yu made no further restitution payments until the date of his continued revocation hearing, when he paid $10.

At the continued revocation hearing, Yu requested that the Circuit Court reduce his restitution payments from $200 to $30 a month because he was unemployed. The Circuit Court denied Yu's request without prejudice because of a pending job offer starting on September 18, after which, the Circuit Court said it would look at Yu's "pay stubs and find out what his track record is as far as work, then we can intelligently address the issue." The Circuit Court's review of Yu's employment record and potential for employment in September establishes that it considered defendant's financial ability to make restitution payments. *See State v. Curioso*, No. CAAP-13-0001014, 2014 WL 1271038, at *3 (Haw. App. Mar. 28, 2014) (noting that the trial court's inquiry into the demands on defendant's time and his employment status showed that it considered his financial ability to make restitution payments); *but see*, *State v. Beaver*, No. SCWC-11-0000654, 2013 WL 3156152, at *4 (Haw. June 20, 2013) (Pollack J., dissenting) (stating that the family court erred by imposing monthly restitution payments without asking whether petitioner had the ability to make the payments, and not entering into the record that the manner of payment was reasonable and in an amount that Petitioner could afford to pay). Accordingly, the Circuit Court did not abuse its discretion in denying without prejudice Yu's request to reduce restitution payments to $30.

6

Therefore, the Order of Resentencing; Revocation of Probation entered by the Circuit Court of the First Circuit on July 5, 2013 is affirmed.

DATED:  Honolulu, Hawai'i, April 11, 2017.

On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge